JOSÉ RÍOS MÁRTIR, demandante y recurrido, *v.* MUNICIPIO DE SAN SEBASTIÁN, demandado y recurrente.

*Número:* R-74-165     *Resuelto:* 15 de septiembre de 1977

*Miriam Naveira de Rodón, Procuradora General, Peter Ortiz, Subprocurador General, y Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del recurrente; *Héctor Reichard,* abogado del recurrido.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

En un acto de cooperación con la administración municipal, el demandante recurrido cedió al Municipio de San Sebastián dos cuerdas de su finca de 92.5 cuerdas para vertedero y subsiguientemente el Municipio le expropió 5.00 cuerdas en el mismo sitio para el mismo fin. Por más de nueve años el remanente de la finca principal del recurrido se vio afectado por una intensa contaminación ambiental generada por la peste, el humo, los roedores e insectos, y los fuegos provenientes del citado crematorio donde el Municipio depositaba desperdicios tanto sólidos como orgánicos dejándolos al descubierto. Finalmente, después de reiteradas súplicas a la administración, instó el demandante Ríos Mártir acción

de *injunction* y daños encaminada a dar fin a su martirologio. El Tribunal Superior de Aguadilla falló a su favor ordenando el cierre y reubicación del vertedero y condenando al Municipio al pago de una indemnización de $40,000.00.

■■ El Procurador General funda su argumento para negar al demandante recurrido derecho a recobrar daños en un supuesto consentimiento del demandante para que las cinco cuerdas expropiadas se usaran como vertedero de desperdicios y cita la transcripción de evidencia, págs. 86–87. [1] El consentimiento limitado a dos años no fue licencia para que durante diez años el Municipio inutilizara el resto de la finca con un vertedero de insufribles condiciones higiénicas y ambientales. La prueba dejó establecida la buena voluntad del recurrido para "cooperar con la comunidad" en lo que el Municipio "conseguía un sitio más adecuado", (T.E. *ibid.*) y su sentido de responsabilidad social no opera como renuncia de su derecho a abatir un estorbo y a ser resarcido por los daños que éste le ha ocasionado. Los daños en este caso se ex-

---

[1] "P. Usted no le había dado al Municipio permiso para poner el Vertedero Municipal?

R. A eso de permiso yo le había dicho al Alcalde, al otro, no a éste que está aquí, el otro tenía un problema con el crematorio ese que tenía acá y entonces fue una comisión de muchos señores donde mí o allá a la finca y me dijeron que si yo en alguna forma le arrendaba allí cuatro o cinco cuerdas para hacer un crematorio y yo le dije al Alcalde, que yo se lo arrendaba por dos años en lo que ellos conseguían un sitio más adecuado y tuve esas palabras allí y como al mes más o menos me llegaron los papeles de despropiación [*sic*]. Yo le llamé la atención y le dije que, qué era lo que había habido y entonces él me dijo que había sido la Asamblea Municipal, que había dicho que era mejor despropiar [*sic*] y no arrendar. Eso fue lo que hubo.

P. Entonces usted no le dio permiso nunca al Alcalde, para hacer un crematorio allí? Esa es la posición suya?

R. Bueno, al principio, cómo se llama? Cuando él me solicitó yo le dije que le arrendaba por dos años.

P. Por cuánto tiempo usted arrendó eso allí?

R. Yo no lo arrendé nunca.

P. Usted no dice que lo arrendaba?

R. No fuí yo, él me habló de arriendo y yo le dije que para cooperar con la comunidad yo le arrendaba por dos años, a lo último, donde pudieran ir a botar la basura perentoriamente en lo que ellos conseguían otro sitio."

tendieron por un período de diez años y se originaron en el "carácter continuo o progresivo" de la indiferencia del municipio demandado que "renueva constantemente la acción dañosa" como expresamos en *Arcelay* v. *Sánchez*, 77 D.P.R. 824 (1955). La tolerancia inicial del estorbo por el demandante en bien del mejor interés de la comunidad, no derrota su derecho a poner fin a aquél y a ser compensado por daños. Sus manos están limpias. *Fuentes* v. *Gulf Petroleum*, 91 D.P.R. 559, 566 (1964).

Toda vez que la sentencia de Aguadilla dictada el 19 de abril de 1974, además de conceder indemnización, ordenó al Municipio eliminar el vertedero de la finca del demandante y trasladarlo a otro sitio en término de 120 días, y habiéndosenos sometido el caso para decisión en mayo último, transcurridos tres años de la sentencia y orden del Tribunal Superior, nos enfrentamos a la posibilidad de que un cambio en las circunstancias ofensivas hubiese quitado vitalidad y contemporaneidad al *injunction*. Al efecto ordenamos al Tribunal Superior la celebración de una vista para actualizar el estado de hechos y luego de oír a las partes y hacer un reconocimiento judicial en Resolución de 6 de julio de 1977 el juez sentenciador Sr. Veray Torregrosa nos informa que "de la inspección ocular realizada se pudo observar que el vertedero municipal y la situación actual es que dicho vertedero está en condición óptima y no presenta ningún riesgo para la salud ni produce contaminación ambiental."

A la cantidad de $40,000 de indemnización llegó el juez de instancia tomando en cuenta la producción interrumpida de caña, más de nueve años antes del juicio, por los fuegos originados en el crematorio, así como ocho solares cuya venta hubo de rescindirse por no ser aceptable para el Departamento de Salud la condición ambiental. Hemos examinado a fondo la transcripción de evidencia y no encontramos en la misma aquella certeza en los elementos de pérdida que justifique la cantidad acordada. La prueba, supeditada a que la

finca hubiese mantenido la misma producción de caña que tenía cuando el demandante dejó de sembrar([2]) y que el precio de la caña se mantendría estable, tampoco contiene suficiente desglose de partidas de ganancias en las ventas de solares rescindidas, por lo que hay una vasta penumbra que nos inclina a reducir la indemnización a $20,000.00.

Con estos antecedentes *se modifica la sentencia revisada al efecto de eliminar aquella parte de la misma que comprende el injunction y orden de eliminación y reubicación del vertedero y se reduce a $20,000.00 la condena en daños y perjuicios. Así modificada, será confirmada.*

El Juez Asociado Señor Rigau no intervino.

---

([2]) El demandante declaró que la finca "dio una sola siembra de caña." T.E. pág. 32, L 15.